UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JOHN PARKER,

                Plaintiffs,

-against-

INCORPORATED VILLAGE OF FREEPORT;
INCORPORATED VILLAGE OF FREEPORT
POLICE DEPARTMENT; and OFFICER
SANTOS,
Individually and as an Officer attached to the
INCORPORATED VILLAGE OF FREEPORT
POLICE DEPARTMENT,

                Defendants.

**COMPLAINT**

CV #.:_____

---

1. Plaintiffs, bring this action to redress violations by defendants of plaintiffs' rights under the Constitution and Laws of the United States and the State of New York.

2. This is an action pursuant to 42 U.S.C. § 1983 to redress the deprivation of the color of statute, ordinance, regulation, custom or usage of rights, privileges and immunities secured to the plaintiffs by the Fourth and Fourteenth Amendment to the Constitution of the United States; namely, the right to:

    a) Freedom from illegal detention;

    b) Freedom from physical abuse and unreasonable search;

    c) Freedom from unreasonable searches and seizures; and for redress of the violation of the laws and the common law of the United States of America and the Constitution, the common law, and the laws of the State of New York.

3. Jurisdiction is conferred on this Court by 28 U.S.C. §1343 (3) which confers original jurisdiction of the Federal District Courts in suits to redress the

deprivation of rights, privileges and immunities as stated in paragraph 2 hereof.

4. Plaintiffs invoke the pendant jurisdiction of this Court in connection with the stated claims as set forth herein, and the jurisdiction of this Court is invoked under 28 U.S.C. §1331, the amount of damages claimed being in excess of $100,000.00 for each plaintiff.

5. That at all times relevant to this Complaint, defendants separately and in concert, acted under color and pretense of law, to wit: Under color of the statutes, ordinances, regulations, customs and usages of the State of New York and of the County of Nassau.

6. That at all times relevant to this Complaint, defendants engaged in the illegal conduct herein mentioned to the injury of the plaintiffs, and deprived plaintiffs of their rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and the laws of the State of New York.

## PARTIES

7. Plaintiff, JOHN PARKER, is a citizen of the State of New York and resides in the State of New York, County of Nassau, and has been a resident thereof at all times relevant to this Complaint.

8. The defendant, INCORPORATED VILLAGE OF FREEPORT, is a municipal corporation within the State of New York, and at all times relevant hereto employed the individual defendants as police officers and maintained the Incorporated Village of Freeport Police Department.

9. Upon information and belief, at all times relevant to this Complaint, defendant police officers were acting in their official capacity and their acts were performed under color of the statutes, ordinances, rules and regulations of the State of New York and its municipal subdivisions.

10. At all times relevant to this Complaint, defendants were acting within the scope of their employment and in their official capacity and did perform illegal acts hereinafter alleged under color of law.

## FACTS

12. On or about August 9, 2018, the plaintiff was taken by police officer SANTOS, and other police officers, from the vicinity of 121 Lillian Ave., Freeport with the violation of disorderly conduct. Plaintiff was beaten with, among other things, a billy club, before being handcuffed after being arrested and brought to the Court for arraignment, in violation of his Fourth Amendment Rights and in violation of the rules and regulations of the Incorporated Village of Freeport Police Department.

13. The plaintiff was unlawfully arrested and unlawfully restrained.

14. That Officer Santos did attack plaintiff and then was removed by the other officers, at which point, Officer Santos attacked plaintiff once again.

15. All of the events described were utterly without justification or excuse in fact or in law.

16. Defendants, separately and in concert, acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, knowingly and purposely with the specific intent to deprive plaintiff, JOHN PARKER, of his right from illegal arrest, coercion and intimidation.

17. These rights are secured to the plaintiffs by provisions of the due process cause of the Fourteenth Amendments to the Constitution of the United States by 42 U.S.C §1983 and the statues and laws of the State of New York.

18. Plaintiff, JOHN PARKER, suffered a multiple injuries to his lower right back, his left eye, his left hand and a titanium flex rod at C-3, C-4, and a C-6 infusion because of the excessive and unnecessary force of the Officer(s).

19. As a result of the foregoing acts committed against plaintiffs by defendants, plaintiffs have sustained damage to his character and reputation, degradation, humiliation, embarrassment, false arrest, false imprisonment and malicious prosecution. As a result of said acts, plaintiff, JOHN PARKER, has feared and continue to fear repetition of said acts of defendants and as a result have continued to suffer anxiety and emotional distress.

20. As a result of the aforementioned course of events in violation of their constitutional rights, plaintiff, JOHN PARKER, has been damaged in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION

21. Plaintiffs, JOHN PARKER, repeats and reiterates each and every allegation contained in paragraphs number "1" through "20" as though fully set forth at length herein.

22. That defendants, INCORPORATE VILLAGE OF FREEPORT and INCORPORATED VILLAGE OF FREEPORT POLICE DEPARTMENT were negligent in the hiring, training, discipline and supervision of the aforementioned defendant officers.

23. That defendants, INCORPORATE VILLAGE OF FREEPORT and

INCORPORATED VILLAGE OF FREEPORT POLICE DEPARTMENT, knew or should have known that the aforementioned defendant officers were of vicious propensity.

24. That defendants, INCORPORATE VILLAGE OF FREEPORT and INCORPORATED VILLAGE OF FREEPORT POLICE DEPARTMENT, could reasonably have anticipated the dispositions of the aforesaid defendant officers would likely result in injury to others.

25. That defendants, INCORPORATE VILLAGE OF FREEPORT and INCORPORATED VILLAGE OF FREEPORT POLICE DEPARTMENT, failed to use reasonable care to correct or remove the aforesaid officers.

26. That as a result of the negligence of defendants INCORPORATE VILLAGE OF FREEPORT and INCORPORATED VILLAGE OF FREEPORT POLICE DEPARTMENT, plaintiff, JOHN PARKER, has been damaged in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

## AS AND FOR A THIRD CAUSE OF ACTION

27. To successfully plead a cause of action for malicious prosecution plaintiffs must provide proof of 1) the commencement or continuation of a ... proceeding by the defendant against the plaintiff, 2) the termination of the proceeding in favor of the plaintiff, 3) the absence of probable cause for the ... proceeding and 4) actual malice. A plaintiff must also allege and prove special injury [internal quotation marks and citations omitted]. *Wilhelmina Models, Inc. v Fleisher*, 19 AD3d 267, 269 (1st Dept 2005).

28. The proceeding was commenced by Defendants herein and has been terminated favorably to Plaintiff, JOHN PARKER, in Freeport Village Court where an adjournment in contemplation of dismissal was granted by the Justice Court.

29. The other remaining elements, that there was no probable cause and that there was actual malice have been laid out and discussed above.

WHEREFORE, plaintiffs demand judgment against the defendants as follows:

a) Judgment on the First Cause of Action in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS in compensatory damage for plaintiff;

b) Judgment on the First Cause of Action in the sum of FIVE HUNDRED THOUSAND ($100,000.00) DOLLARS punitive damages for plaintiff;

c) Judgment in the Second Cause of Action in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS in compensatory damages for plaintiff as against defendants, INCORPORATE VILLAGE OF FREEPORT and INCORPORATED VILLAGE OF FREEPORT POLICE DEPARTMENT;

d) Judgment on the Second Cause of Action in the sum of FIVE HUNDRED THOUSAND ($100,000.00) DOLLARS punitive damages for plaintiff as against defendants, INCORPORATED VILLAGE OF FREEPORT and INCORPORATED VILLAGE OF FREEPORT POLICE DEPARTMENT;

e) Judgment on the Third Cause of Action in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS in compensatory damage for plaintiff;

f) Judgment on the Third Cause of Action in the sum of FIVE HUNDRED THOUSAND ($100,000.00) DOLLARS punitive damages for plaintiff;

g) Costs and disbursements of this action; and

h) Such other and further and different relief as this Court may deem just and proper.

Dated: Mineola, New York
December 12, 2019

Yours etc.,
LAW OFFICES OF PETER A. SAAD, JR. PC

BY: _____
PETER A. SAAD, JR., ESQ., (PS9790)
747 East Main St.
Riverhead, NY 11901
(516) 620-0814
psaad@pasjr-law.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------

JOHN PARKER,

                Plaintiffs,              **JURY DEMAND**

      -against-                            CV #.:_____

INCORPORATED VILLAGE OF FREEPORT;
INCORPORATED VILLAGE OF FREEPORT
POLICE DEPARTMENT; and OFFICER
SANTOS,
Individually and as an Officer attached to the
INCORPORATED VILLAGE OF FREEPORT
POLICE DEPARTMENT,

                Defendants.
-------------------------------------------------------------

      **PLEASE TAKE NOTICE**, that the undersigned demands a trial by jury.

Dated: Riverhead, New York
       December 11, 2019

                                              Yours etc.,
                                              LAW OFFICES OF PETER A. SAAD, JR. PC

                                              BY: _____
                                              PETER A. SAAD, JR., ESQ., (PS9790)
                                              747 East Main St.
                                              Riverhead, NY 11901
                                              (516) 620-0814
                                              psaad@pasjr-law.com