JMM/jlb            28-24035            02/03/20

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JOHN PARKER,

                              Plaintiff(s),

-against-

INCORPORATED VILLAGE OF FREEPORT,
INCORPORATED VILLAGE OF FREEPORT POLICE
DEPARTMENT, OFFICER SANTOS, individually and as an
officer attached to the INCORPORATED VILLAGE OF
FREEPORT POLICE DEPARTMENT,

                              Defendant(s).
-----------------------------------------------------------------------X

**ANSWER**

Index No. 19-CV-06945

The defendants, INCORPORATED VILLAGE OF FREEPORT (also s/h/a INCORPORATED VILLAGE OF FREEPORT POLICE DEPARTMENT) and POLICE OFFICER SANTOS (in his individual and official capacity), by their attorneys, MONTFORT, HEALY, McGUIRE & SALLEY LLP, answering the complaint of the plaintiff, herein, respectfully show to this Court and allege:

FIRST. Defendants deny each and every allegation set forth in paragraphs designated "1", "2", "5" and "6" of the complaint herein.

SECOND. Defendants deny that they have any knowledge or information thereof sufficient to form a belief as to the truth of each and every allegation contained in paragraph designated "3" of the complaint herein, and respectfully refers all questions of law to this Court.

THIRD. Defendants deny each and every allegation set forth in paragraph designated "4" of the complaint herein and respectfully refers all questions of law to this Court.

**ANSWERING THE ALLEGED PARTIES**

FOURTH. Defendants deny that they have any knowledge or information thereof sufficient to form a belief as to the truth of each and every allegation contained in paragraph designated "7" of the complaint herein.

FIFTH.  Defendants deny each and every paragraph designated "8" of the complaint herein, except defendants admit that the defendant, INCORPORATED VILLAGE OF FREEPORT, is a municipal corporation within the State of New York, and at all times relevant hereto employed the defendant, POLICE OFFICER SANTOS, as a police officer and maintained the INCORPORATED VILLAGE OF FREEPORT POLICE DEPARTMENT.

SIXTH.  Defendants deny each and every paragraphs designated "9" and "10" of the complaint herein, except defendants admit that the defendant, POLICE OFFICER SANTOS, was acting within the scope of his employment and in his official capacity and under the color of law.

## ANSWERING THE ALLEGED FACTS

SEVENTH. Defendants deny each and every allegation set forth in paragraphs designated "12", "13", "14", "15", "16", "18", "19" and "20" of the complaint herein.

EIGHTH.  Defendants deny that they have any knowledge or information thereof sufficient to form a belief as to the truth of each and every allegation contained in paragraph designated "17" of the complaint herein, and respectfully refers all questions of law to this Court.

## ANSWERING THE ALLEGED SECOND CAUSE OF ACTION

NINTH.  Answering paragraph designated "21" of the plaintiff's complaint, defendants repeat, reiterate and reallege each and every denial set forth in paragraphs designated "FIRST" through "EIGHTH" of the defendant's answer.

TENTH. Defendants deny each and every allegation set forth in paragraphs designated "22", "23", "24", "25" and "26" of the complaint herein.

## ANSWERING THE ALLEGED THIRD CAUSE OF ACTION

ELEVENTH. Defendants deny each and every allegation set forth in paragraphs designated "27", "28" and "29" of the complaint herein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:

TWELFTH.   The INCORPORATED VILLAGE OF FREEPORT and its employees constitute a single legal entity which is incapable of conspiring with itself for purposes of plaintiff's civil rights claims.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:

THIRTEENTH.  The INCORPORATED VILLAGE OF FREEPORT POLICE DEPARTMENT is not a separate legal entity, but rather it is a department within defendant, INCORPORATED VILLAGE OF FREEPORT.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:

FOURTEENTH.  That probable cause/legal justification existed for plaintiff's arrest, he was arrested without malice and he was arrested without the use of excessive force.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:

FIFTEENTH.  Upon information and belief, plaintiff's complaint fails to state a cause of action and therefore must be dismissed.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:

SIXTEENTH.  Upon information and belief, the plaintiff's complaint fails to comply with the pleading strictures of Rule 8 of the Federal Rules of Civil Procedure in that it does not clearly and concisely separately set forth each and every claim herein.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:

SEVENTEENTH.  In the event the assaultive acts complained of are proven, such acts were occasioned by plaintiff's own conduct which was designed to provoke the conduct now complained of. Such provocation is pled in mitigation of any damages recoverable in this action.

### AS AND FOR A SEVENTH AFFIRMATIVE
### DEFENSE, THE DEFENDANTS ALLEGE:

EIGHTEENTH.   The INCORPORATED VILLAGE OF FREEPORT did not have a policy or custom of authorizing or condoning the violations of civil rights by its police officers, nor did the have any municipal policy or custom which caused deprivation of plaintiff's civil rights.

### AS AND FOR A EIGHTH AFFIRMATIVE
### DEFENSE, THE DEFENDANTS ALLEGE:

NINETEENTH.  The alleged acts complained of regarding the INCORPORATED VILLAGE OF FREEPORT do not create vicarious liability pursuant to the doctrine of respondent superior and consequently, the INCORPORATED VILLAGE OF FREEPORT is immune from liability for the acts of any individual.

### AS AND FOR A NINTH AFFIRMATIVE
### DEFENSE, THE DEFENDANTS ALLEGE:

TWENTIETH.  That punitive damages are not recoverable against INCORPORATED VILLAGE OF FREEPORT under the allegations herein.

### AS AND FOR A TENTH AFFIRMATIVE
### DEFENSE, THE DEFENDANTS ALLEGE:

TWENTY-FIRST.  All employees or agents of the INCORPORATED VILLAGE OF FREEPORT are entitled to absolute and/or qualified immunity as to any actions alleged since their conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have been aware based upon an objective reasonable assessment of the conduct measured in reference to clearly established law.

### AS AND FOR A ELEVENTH AFFIRMATIVE
### DEFENSE, THE DEFENDANTS ALLEGE:

TWENTY-SECOND.   The alleged state law causes of action set forth in the complaint did not accrue within applicable time preceding the commencement of this action, and said cause of action are barred by the Statute of Limitations.

### AS AND FOR A TWELFTH AFFIRMATIVE
### DEFENSE, THE DEFENDANTS ALLEGE:

TWENTY-THIRD. That plaintiff's failure to comply with Sections 50-e, 50-h and/or 50-i of the General Municipal Law of the State of New York requires dismissal of all state law claims which plaintiff may allege as against defendant, INCORPORATED VILLAGE OF FREEPORT, its employees or agents.

### AS AND FOR A THIRTEENTH AFFIRMATIVE
### DEFENSE, THE DEFENDANTS ALLEGE:

TWENTY-FOURTH. Upon information and belief, that plaintiff's detention was justified and reasonable since the plaintiff conducted himself in such a manner as to reasonably cause the police to make said arrest and have him brought to trial.

TWENTY-FIFTH. That plaintiff's detention was done in good faith, without malice, and in an honest belief that plaintiff committed said offense.

### AS AND FOR A FOURTEENTH AFFIRMATIVE
### DEFENSE, THE DEFENDANTS ALLEGE:

TWENTY-SIXTH. Defendant, POLICE OFFICER SANTOS, was not properly served with summons and complaint. Therefore, the Court lacks personal jurisdiction over him.

### AS AND FOR A FIFTEENTH AFFIRMATIVE
### DEFENSE, THE DEFENDANTS ALLEGE:

TWENTY-SEVENTH. That plaintiff's Third Cause of Action is barred. An ACOD is not a favorable termination for purposes of a malicious prosecution claim.

### AS AND FOR A SIXTEENTH AFFIRMATIVE
### DEFENSE, THE DEFENDANTS ALLEGE:

TWENTY-EIGHTH. If assault is established, the acts complained of were privileged, provoked by plaintiff's own conduct, were in self-defense, or in defense of person or property or to preserve the public peace, were not done with an willful, wrongful or malicious intent, and were reasonable and justified pursuant to law.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:

TWENTY-NINTH. Upon information and belief, that all or a part of plaintiff's special damages have been paid or will be paid by collateral sources and no award should, in any event, be made for same.

WHEREFORE, defendants, INCORPORATED VILLAGE OF FREEPORT (also s/h/a INCORPORATED VILLAGE OF FREEPORT POLICE DEPARTMENT) and POLICE OFFICER SANTOS,, demand judgment dismissing the complaint of the plaintiff herein, with costs and disbursements.

Dated: Garden City, New York
February 3, 2020

                                    Yours, etc.,

                                    MONTFORT, HEALY, McGUIRE & SALLEY LLP

                                    BY: _____
                                          JAMES M. MURPHY
Attorneys for Defendant(s), INCORPORATED VILLAGE OF FREEPORT (also s/h/a INCORPORATED VILLAGE OF FREEPORT POLICE DEPARTMENT) and POLICE OFFICER SANTOS (in his individual and official capacity)
840 Franklin Avenue
P.O. Box 7677
Garden City, New York 11530-7677
(516) 747-4082

TO:   LAW OFFICES OF PETER A. SAAD, JR., PC
       Attorney(s) for Plaintiff(s)
       747 East Main St.
       Riverhead, New York 11901

STATE OF NEW YORK      :
                       : ss.:
COUNTY OF NASSAU       :

JENNIFER L. BRYANT, being duly sworn, deposes and says that she is employed by MONTFORT, HEALY, McGUIRE & SALLEY LLP, the attorneys for the within named Defendant(s), **INCORPORATED VILLAGE OF FREEPORT (also s/h/a INCORPORATED VILLAGE OF FREEPORT POLICE DEPARTMENT) and POLICE OFFICER SANTOS (in his individual and official capacity).** That on the ____10____ day of February, 2020, she served the within **ANSWER** upon the following attorneys for the named parties, by depositing a true copy of the same securely enclosed in a post-paid wrapper in a post office box regularly maintained by the United States Government at 600 Franklin Avenue, Garden City, Nassau County, New York, directed to said attorneys for the parties named at the addresses mentioned below, those being the addresses within the State designated by them for that purpose upon the preceding papers in this action, or the place where they then kept an office, between which places there then was and now is a regular communication by mail.

Deponent is over the age of 18 years.

TO:   LAW OFFICES OF PETER A. SAAD, JR., PC
      Attorneys for Plaintiff(s)
      747 East Main St.
      Riverhead, New York 11901

_____
JENNIFER L. BRYANT

Sworn to before me this
__10__ day of February, 2020.

_____

DEBORAH A. MEE
NOTARY PUBLIC-STATE OF NEW YORK
No. 01ME4716348
Qualified in Nassau County
My Commission Expires February 28, 20_23_